UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

---

EDWARD J. KOELLER, individually and on behalf of all others similarly situated,

      Plaintiff,

  v.

CYFLARE SECURITY, INC.,

      Defendant.

Civil Action No.

4:25-cv-00410-MTS

---

# **DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**

                  Curtis A. Johnson
                  (admitted pro hac vice)
                  BOND, SCHOENECK & KING, PLLC
                  350 Linden Oaks, Third Floor
                  Rochester, New York 14625
                  Tel: (585) 362-4700
                  cjohnson@bsk.com

                  *Attorney for CyFlare Security, Inc.*

**TABLE OF CONTENTS**

Page No.:

PRELIMINARY STATEMENT ...................................................................................................1

THE COMPLAINT .........................................................................................................................2

PREVIOUS LITIGATION INVOLVING PLAINTIFF ..................................................................2

MOTION TO DISMISS STANDARD ...........................................................................................4

ARGUMENT ...................................................................................................................................5

    I.    Plaintiff Failed to Plead Facts Supporting His Conclusion That his Telephone Number is Residential ................................................................5

    II.    Plaintiff's Cellular Phone is Not a Residential Line ..............................................6

    III.    Plaintiff Failed to Plead Facts Sufficient to Obtain Treble Damages .....................................................................................................................7

    IV.    Plaintiff Has Not Alleged Facts Allowing Injunctive Relief ....................................8

CONCLUSION ................................................................................................................................9

21694791.v3

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashanti v. City of Golden Valley*,
 66 F.3d 1148 (8th Cir. 2012) ...........................................................................................4

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ..........................................................................................................4

*Clauss v. Legend Sec., Inc.*,
 2014 WL 10007080 (S.D. Iowa 2014) ..............................................................................6

*Cunningham v. Rapid Capital Funding, LLC/RCF*,
 No. 3:16-cv-02629,
 2017 WL 3574451 (M.D. Tenn. July 27, 2017) ................................................................5

*Hand v. Beach Ent. KC, LLC*,
 456 F. Supp. 3d 1099 (W.D. Mo. 2020) ............................................................................7

*Health One Med. Ctr., Eastpointe, P.L.L.C. v. Mohawk Inc.*,
 No. 16-cv-13815,
 2017 WL 1132337 (E.D. Mich. Mar. 27, 2017) ................................................................8

*Hicks v. Alarm.com, Inc.*,
 No. 1:20- cv-532, 2020 WL 9261758 (E.D. Va. Aug. 6, 2020) ........................................5

*In re Jiffy Lube International, Text Spam Litigation*,
 No. 3:11-md-02261-JM-JMA (S.D. Cal. 2011) ................................................................2

*Koeller v. Airgap Networks, Inc.*,
 No. 4:23-cv-01257-HEA (E.D. Mo. 2023) ........................................................................2

*Koeller v. Corelight Security, Inc.*,
 No. 4:24-cv-01222-ACL (E.D. Mo. 2024) ........................................................................2

*Koeller v. CybelAngel USA Inc.*,
 No. 4:23-cv-00319-SEP (E.D. Mo. 2023) .....................................................................3, 5

*Koeller v. CybelAngel USA Inc.*,
 No. 4:23cv319 (E.D. Mo. 2023) ........................................................................................3

*Koeller v. Delinea, Inc.*,
 No. 4:24-cv-00394-HEA (E.D. Mo. 2024) ........................................................................3

*Koeller v. Numrich Gun Parts Corp.*,
 1:22-cv-00675-DNH-CFH, Dkt. No. 52 (N.D.N.Y. 2022) ................................................3

21694791.v3

*Koeller v. Numrich Gun Parts Corp.*,
   No 1:22-cv-00675-DNH-CFH (NDNY 2022) ................................................................. 3

*Koeller v. OX Appsec Security Ltd.*,
   No. 4:25-cv-00641-MTS (E.D. Mo. 2025) ................................................................... 3

*Koeller v. Picnic Corp.*,
   No. 4:23-cv-00916-SPM (E.D. Mo. 2023) .................................................................. 3

*Koeller v. Risk Based Security, Inc.*,
   No. 4:21-cv-00540-HEA (E.D. Mo. 2021) .................................................................. 3

*Koeller v. Seemplicity Security Inc.*,
   No. 4:24-cv-00528-SRC (E.D. Mo. 2024) .................................................................. 3

*Koeller v. Seemplicity Security, Inc.*,
   No. 4:24-cv-528-SRC ............................................................................................... 8

*Koeller v. TextMarks, Inc.*,
   3:11-cv-02045-JM-JMA, Dkt. No. 21 (S.D.Cal. 2011) ................................................. 3

*Koeller v. Vulcan Cyber, Inc.*,
   4:23-CV-00101-SRW, Dkt. No. 9 (E.D.Mo. 2023) .................................................. 3, 6

*Koeller v. Zilla Security, Inc.*,
   No. 1:24-cv-11228-FDS (D. Mass. 2024) ................................................................... 3

*Lee v. Loandepot.com, LLC*,
   2016 WL 4382786 (D. Kan. 2016) ............................................................................. 7

*Lucas v. Monitronics Int'l, Inc.*,
   No. 1:17-cv-374, 1010 .............................................................................................. 8

*Miller v. City of St. Paul*,
   823 F.3d 503 (8th Cir. 2016) .................................................................................... 9

*Mitchell v. Dakota Cnty. Soc. Servs.*,
   959 F. 3d 887 (8th Cir. 2020) ................................................................................... 9

*Mitchell v. Morton Cty.*,
   28 F.4th 888 (8th Cir. 2022) ..................................................................................... 4

*Morgan v. U.S. Xpress, Inc.*,
   No. 3:17-cv-00085
   2018 WL 3580775 (W.D. Va. July 25, 2018) .............................................................. 5

*Shelton v. Target Advance LLC*,
   2019 WL 1641353 (E.D. Pa. 2019) ............................................................................ 7

*Stevens-Bratton v. TruGreen, Inc.*,
 437 F. Supp. 3d 648 (W.D. Tenn. 2020)..................................................................5, 7

*Susan B. Anthony List v. Driehaus*,
 570 U.S. 149 (2014).............................................................................................................9

*Wells v. Locke*,
 No. 2:21-cv-73 CDP,
 2022 WL 1044735 (E.D. Mo. April 7, 2022) ...........................................................8

*Woods v. CV McDowell, LLC*,
 No H-17-0152,
 2018 WL 1187492 (W.D. Tex. Feb. 5, 2018).........................................................8

*Worsham v. Disc. Power, Inc.*,
 2021 WL 50922 (D. Md. 2021) ...............................................................................6

## Statutes & Authorities

47 U.S.C. § 227......................................................................................................................5,7

47 C.F.R. § 64.1200...............................................................................................................6

Fed. R. Civ. P. 12...................................................................................................................4, 9

21694791.v3

Defendant CyFlare Security, Inc. ("CyFlare"), by and through its attorneys, Bond, Schoeneck & King, PLLC, submits this Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint. For the reasons stated herein, Defendant's Motion to Dismiss should be granted, and the Complaint should be dismissed with prejudice. In support of its motion to dismiss, CyFlare states as follows:

## PRELIMINARY STATEMENT

Edward Koeller ("Plaintiff") alleges CyFlare violated the Telephone Consumer Protection Act of 1991 (the "TCPA") when CyFlare's representative called him on a cellular phone used for his work as a cybersecurity vulnerability management engineer. (ECF 1 at ¶¶ 19, 37); (Exhibit A at 12). Plaintiff is a cybersecurity professional who works remotely and is on call to his employer at all times. (Exhibit A at 12, 14, 44). Plaintiff regularly texts and calls coworkers using the cellular phone as his primary means of contact while working remotely. (*Id*. at 19, 44, 45, 47-55). To ensure Plaintiff can be reached in the event of a cyber security incident, Plaintiff's employer provides him with a monthly stipend for the cellular phone in question. (*Id.* at 44). The phone calls at issue in this case were only made to this cellular phone, not to another phone that Plaintiff uses exclusively for residential purposes. (*Id.* at 40). Therefore, because the relevant provisions of the TCPA apply exclusively to residential phones, and the phone number on which Plaintiff received calls here was a business line, Plaintiff fails to state a claim under the TCPA and his complaint should be dismissed.

Plaintiff's complaint is further deficient for failure to allege that calls made by CyFlare or its representative were knowing or willful, requiring dismissal of claims for treble damages under the TCPA.

1

## **THE COMPLAINT**

Plaintiff alleges that a CyFlare representative called his phone to solicit cybersecurity products on February 10 and March 26, 2025. (ECF 1 at ¶¶ 19, 21-22). Plaintiff further alleges that he received these phone calls on a telephone number that has been registered on the National Do Not Call Registry since 2007 and the Missouri No-Call List since 2013. (*Id.* at ¶¶ 16-17). According to Plaintiff, the telephone number that was contacted, (314) 602-XXXX, is a cellular phone number used for personal residential purposes, and not a commercial telephone number associated with any business. (*Id.* at ¶¶ 14-15). After receiving the first phone call, Plaintiff allegedly told the caller that he was not interested in CyFlare's services, and they were calling a personal phone number. (*Id.* at ¶ 24). Plaintiff alleges that CyFlare called once more after that initial interaction. (*Id.* at ¶ 25). In response to these events, Plaintiff filed this complaint alleging CyFlare willfully and knowingly violated the TCPA. (*Id.* at ¶ 37-38). Plaintiff brings the complaint on behalf of himself and "National DNC Class" which he defines as follows:

> All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Cyflare's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

(*Id.* at ¶ 28). Plaintiff seeks an injunction and up to $500 in damages for himself and every member of the class for each alleged violation of the TCPA. (*Id.* at ¶ 39).

## **PREVIOUS LITIGATION INVOLVING PLAINTIFF**

Excluding this matter, Plaintiff has commenced twelve putative class actions, eleven of which were brought under the TCPA. *In re Jiffy Lube International, Text Spam Litigation*, No. 3:11-md-02261-JM-JMA (S.D. Cal. 2011); *Koeller v. Airgap Networks, Inc.*, No. 4:23-cv-01257-HEA (E.D. Mo. 2023); *Koeller v. Corelight Security, Inc.*, No. 4:24-cv-01222-ACL (E.D. Mo.

2024); *Koeller v. CybelAngel USA Inc.*, No. 4:23-cv-00319-SEP (E.D. Mo. 2023); *Koeller v. Delinea, Inc.*, No. 4:24-cv-00394-HEA, (E.D. Mo. 2024); *Koeller v. Numrich Gun Parts Corp.*, No 1:22-cv-00675-DNH-CFH (NDNY 2022); *Koeller v. OX Appsec Security Ltd.*, No. 4:25-cv-00641-MTS (E.D. Mo. 2025); *Koeller v. Picnic Corp.*, No. 4:23-cv-00916-SPM (E.D. Mo. 2023); *Koeller v. Risk Based Security, Inc.*, No. 4:21-cv-00540-HEA (E.D. Mo. 2021); *Koeller v. Seemplicity Security Inc.*, No. 4:24-cv-00528-SRC (E.D. Mo. 2024); *Koeller v. Vulcan Cyber*, Inc., No. 4:23-cv-00101-SRW (E.D. Mo. 2023); *Koeller v. Zilla Security, Inc.*, No. 1:24-cv-11228-FDS (D. Mass. 2024). Most of these claims are against cybersecurity companies like CyFlare who were calling to sell something to an industry professional. It is unclear how Plaintiff's cellular phone number made it on to so many cybersecurity companies' marketing lists and begs the question of whether he affirmatively provided his number for marketing purposes. Class certification was granted in only two of those matters. Where class certification was granted, it was done for the sole purpose of settlement and not over the opposition of the defendant. *Koeller v. TextMarks, Inc.*, 3:11-cv-02045-JM-JMA, Dkt. No. 21 (S.D.Cal. 2011); *Koeller v. Numrich Gun Parts Corp.*, 1:22-cv-00675-DNH-CFH, Dkt. No. 52 (N.D.N.Y. 2022) (involving a cybersecurity breach).

Notably, Plaintiff filed a nearly identical complaint against CybelAngel USA Inc., amongst other cybersecurity companies, alleging that a call to his cellular phone violated the TCPA because it was listed on the Do Not Call Registry. *Koeller v. CybelAngel USA Inc.*, No. 4:23cv319, Dkt. No. 1 (E.D. Mo. 2023). In that case, Plaintiff was deposed and admitted during his deposition that the number where he was contacted was actually paid for by his employer, Ameren, and used extensively by Plaintiff when he works from home at least four days per week. (Exhibit A at 14, 19, 44, 45, 47-55). In fact, Plaintiff is on call via that cellular phone twenty-four hours per day, seven days a week. (*Id.* at 44). Plaintiff further testified that he has a separate residential land line

3

(*Id.* at 40), establishing that the number that CyFlare is alleged to have called is not Plaintiff's residential number.

## MOTION TO DISMISS STANDARD

Under Fed. R. Civ. P. 12(b)(6) courts may dismiss claims that fail to state claims upon which relief can be granted. Under this rule, a complaint should be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Eighth Circuit Court of Appeals explained, "[a] claim survives a Rule 12(b)(6) motion to dismiss only if the complaint's nonconclusory allegations, accepted as true, make it not just 'conceivable' but 'plausible' that the defendant is liable." *Mitchell v. Morton Cty.*, 28 F.4th 888, 895 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 680-83). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Courts may consider documents beyond the four-corners of a complaint when considering a motion to dismiss, but when doing are required to convert such motions into motions for summary judgment. Fed. R. Civ. P. 12(d). Conversion is proper where the Court provides notice to the parties of its intention to convert or where the parties otherwise have an opportunity to respond to the motion relying on outside materials or showing how material facts have not yet been obtained through discovery. *Ashanti v. City of Golden Valley*, 66 F.3d 1148, 1150-51 (8th Cir. 2012). CyFlare is not opposed to such conversion here, and there are no facts outside of Plaintiff's knowledge, for which he requires discovery, which could bear on the residential versus commercial nature of his cellular phone.

**ARGUMENT**

I. **Plaintiff Failed to Plead Facts Supporting His Conclusion that his Telephone Number is Residential.**

The TCPA only applies to subscribers of "residential" phones. 47 U.S.C. § 227(c)(5). The Complaint here only contains bald and conclusory allegations that "Plaintiff's telephone number, (314) 602-XXXX, is a non-commercial telephone number not associated with any business" and "Plaintiff's telephone number, (314) 602-XXXX, is a cellular telephone number used for personal residential purposes." ECF No. 1 at ¶¶ 14-15. There are no other facts or allegations that would support that this is a residential phone number. Courts throughout the country recognize that these kinds of allegations are insufficient to state a claim upon which relief can be granted. *See, e.g., Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 655 (W.D. Tenn. 2020) ("Courts have interpreted the 'residential telephone subscriber' element to require proof that the number called was used for 'residential purposes.'"); *Hicks v. Alarm.com, Inc.*, No. 1:20- cv-532, 2020 WL 9261758, at *5 (E.D. Va. Aug. 6, 2020) (dismissing on a motion to dismiss where the plaintiff only alleged that his cell phone was "not associated with a business and is for personal use"); *Cunningham v. Rapid Capital Funding, LLC/RCF*, No. 3:16-cv-02629, 2017 WL 3574451, at *3 (M.D. Tenn. July 27, 2017) ("As Plaintiff has not alleged facts showing his cell phones are used for residential purposes, he fails to state a claim" under Section 227(c) of the TCPA). The court in *Morgan v. U.S. Xpress, Inc.*, No. 3:17-cv-00085 2018 WL 3580775 (W.D. Va. July 25, 2018), also rightfully held that allegations that a number is "residential" "are not factual allegations, but legal terms drawn from the operative statute." *Id*. at *2.

As demonstrated below, Plaintiff's allegations about the residential nature of his cellular number are untrue. It is understandable, given Plaintiff's testimony in the *CybelAngel* case that he

5

21694791.v3

could not allege facts supporting his claim that his cellular number is a residential number.  Even without reviewing his deposition testimony there, this case should be dismissed with prejudice.[1]

## II. Plaintiff's Cellular Phone is Not a Residential Line.

The TCPA's do-not-call "regulation unambiguously applies only to *residential* telephone subscribers." *Clauss v. Legend Sec., Inc.*, 2014 WL 10007080, at *2 (S.D. Iowa 2014) (emphasis added); *see also* 47 C.F.R. § 64.1200 (c) (2).

To determine whether a telephone number is residential or business, courts conduct a "fact-intensive inquiry" that considers, at a minimum:

> (1) whether plaintiffs have held out to the public or advertised their phone numbers for business purposes; (2) whether plaintiffs' phones are registered with the telephone company as residential or business lines, including whether the phones are part of a family usage plan; (3) whether, and the extent to which, plaintiffs use their phones for business transactions or employment; (4) whether, and the extent to which, plaintiffs' employers (or other business entities) pay for or reimburse plaintiffs for their phone bills.

*Chennette v. Porch.com*, Inc., 50 F.4th 1217, 1225 (9th Cir. 2022).  Here, the *Chennette* factors show that Plaintiff's number is a business number not subject to the TCPA.

Plaintiff extensively sends and receives calls and texts to co-workers using the number at issue.  (Exhibit A at 19, 44, 45, 47-55).  Faced with less evidence than what is available here, numerous courts have held that a phone used for both personal and business purposes is not a residential phone for purposes of § 227 (c) and thus that there can be no liability under the TCPA for calls placed to a number used for any business purpose.  *See, e.g., Worsham v. Disc. Power, Inc.*, 2021 WL 50922, at *4 (D. Md. 2021) ("Regardless of whether the . . . number is primarily used by [the plaintiff] for residential purposes, the number is also used for business, and business

---

[1]  Leave should not be granted for Plaintiff to amend his complaint as he faced the same argument in support of dismissal in *Koeller v. Vulcan Cyber, Inc.*, 4:23-CV-00101-SRW, Dkt. No. 9 (E.D.Mo. 2023) and did nothing to alter his pleading practice to address it.

6

numbers are not permitted to be registered on the [do-not-call] registry."); *Shelton v. Target Advance LLC*, 2019 WL 1641353, at *6 (E.D. Pa. 2019).

Not only does Plaintiff use the number for business, but also Ameren, his employer, provides Plaintiff with a stipend for his phone for work purposes—a stipend sufficient to pay for a cellular plan. *See Chennette*, 50 F. 4th at 1225; (Exhibit A at 43-44). Additionally, courts have rejected contentions that a cellular phone is a residential line where, as here, "there was evidence that the individual maintained a traditional land line in addition to their wireless line." *Hand v. Beach Ent. KC, LLC*, 456 F. Supp. 3d 1099, 1121 n.5 (W.D. Mo. 2020); *see also Lee v. Loandepot.com, LLC*, 2016 WL 4382786, at *6 (D. Kan. 2016) (granting summary judgment on business number issue where plaintiff used landline as well as cell phone); *Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 657 (W.D. Tenn. 2020). Those are exactly the facts here: Plaintiff has a residential landline that CyFlare did not call. Instead, CyFlare called the telephone number paid for by Plaintiff's employer to enable him to perform the duties of his largely remote job.

**III.  Plaintiff Failed to Plead Facts Sufficient to Obtain Treble Damages.**

The TCPA allows for an award of treble damages, but only where there is proof of "willful" or "knowing" violations. 47 U.S.C. 227(c)(5). The closest Plaintiff comes to meeting this standard is no more than the general conclusory allegation that, "[t]hese violations were willful or knowing." (Dkt. No. 1 at ¶ 38). The purported "willful or knowing" violations are no more than the two telephone calls which are the basis of Plaintiff's claim. There are no additional facts pled which support the conclusory allegation that those two calls were "willful" or "knowing." Nowhere does Plaintiff allege that he told CyFlare or its representative that his number was on the Do-Not-Call registry or Missouri's No-Call list. (Dkt. No. 1 at ¶ 24). If Plaintiff's fact-deficient,

7

conclusory allegations were sufficient to establish a willful and/or knowing violation, then presumably every TCPA claim would merit the statute's enhanced damages. To the contrary, federal courts have consistently rejected those types of conclusory allegations as sufficient to survive a motion to dismiss. *See, e.g. Woods v. CV McDowell, LLC*, No H-17-0152, 2018 WL 1187492 at *4 (W.D. Tex. Feb. 5, 2018) (denied request for treble damages due to insufficient allegations in the Complaint which would support an award based on defendant's willful violations); *Health One Med. Ctr., Eastpointe, P.L.L.C. v. Mohawk Inc.*, No. 16-cv-13815, 2017 WL 1132337 at *2 (E.D. Mich. Mar. 27, 2017) (denied request for treble damages under the TCPA because plaintiff failed to identify the actions or conduct which supported a finding that the violations were willful or knowing.); *Lucas v. Monitronics Int'l, Inc.*, No. 1:17-cv-374, 1010 WL 6440255, at *2, N. 3 (S.D. Ohio Nov. 3, 2020) (holding that plaintiff's conclusory allegations that defendant's actions were willful were no more than a legal conclusion couched as factual allegations.) In fact, Chief Judge Stephen R. Clark dismissed treble damages claims against another of Plaintiff's TCPA targets in connection with a nearly identical complaint. *See Koeller v. Seemplicity Security, Inc.*, No. 4:24-cv-528-SRC at Dkt. No. 26 (E.D.Mo. 2024).

**IV.  Plaintiff Has Not Alleged Facts Allowing Injunctive Relief.**

Plaintiff seeks injunctive relief under the TCPA, but he failed to allege facts suggesting there was any threat of future injury.

Plaintiffs seeking prospective relief based on the defendant's past actions must show a real and immediate threat that they would again suffer similar injury in the future. *Wells v. Locke*, No. 2:21-cv-73 CDP, 2022 WL 1044735 at *9 (E.D. Mo. April 7, 2022). Speculative future harm does not establish a real and immediate threat of injury. *Id.* (citation omitted). Plaintiff must therefore allege facts which establish that there is a threatened injury and that the injury is either impending

8

21694791.v3

or there is a substantial risk the harm will occur. *Susan B. Anthony List v. Driehaus*, 570 U.S. 149, 157 (2014) (citation omitted). Absent an allegation with concrete evidence of risk of future harm, Plaintiff's claim is subject to dismissal for lack of standing under Fed. R. Civ. P. 12(b)(1).

The Eighth Circuit has consistently held that speculative future harm does not establish the required real and immediate threat of injury and is therefore insufficient to confer the standing required to seek injunctive relief. *See Mitchell v. Dakota Cnty. Soc. Servs.*, 959 F. 3d 887, 896 (8th Cir. 2020). And the Court has recognized that a "threatened injury must be certainly impending to constitute injury in fact." *Miller v. City of St. Paul*, 823 F.3d 503, 507-08 (8th Cir. 2016). Furthermore, those allegations of future injury must be particular and concrete. *Id.*

Plaintiff's complaint in this case omits any allegation supporting a particular and concrete risk of future injury. (*See generally* Dkt. No. 1).

## CONCLUSION

For the reasons stated herein, Plaintiff's complaint fails to state a cause of action for violation of the TCPA, for injunctive relief, and for treble damages under the TCPA and the Court should dismiss the complaint with prejudice and grant CyFlare such other and further relief as is deemed just and proper.

Dated: May 23, 2025                                          BOND, SCHOENECK & KING, PLLC

By: _____
Curtis A. Johnson
(admitted pro hac vice)
*Attorneys for CyFlare Security, Inc.*
350 Linden Oaks, Third Floor
Rochester, New York 14625-2825
Telephone: (585) 362-4700
cjohnson@bsk.com