UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

EDWARD J. KOELLER, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

CYFLARE SECURITY, INC.,

    Defendant.

Civil Action No.

4:25-cv-00410-MTS

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant CyFlare Security, Inc. seeks an Order dismissing Plaintiff Edward J. Koeller's Amended Complaint in accordance with Federal Rule of Civil Procedure 12(b)(6). In support of the Motion, Defendant states as follows:

1. Plaintiff Edward J. Koeller ("Plaintiff") filed the instant action against Defendant CyFlare Security, Inc. ("CyFlare") for violations of the Telephone Consumer Protection Act ("TCPA").

2. Plaintiff's claims are based on two telephone calls he received from CyFlare on February 10 and March 26, 2025.

3. But Plaintiff fails to sufficiently allege the elements required to maintain a claim for violations of the TCPA or the damages he seeks, 47 U.S.C. § 227.

4. Under Rule 12(b)(6), the plaintiff's complaint is subject to dismissal where the plaintiff fails to sufficiently state a claim for relief. And a legal claim asserted in federal court requires the pleading of sufficient facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This pleading requirement is satisfied "only if the complaint's nonconclusory allegations,

21831110.v1

accepted as true, make it not just 'conceivable' but 'plausible' that the defendant is liable." *Mitchell v. Morton Cty.*, 28 F.4th 888, 895 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 680-83).

5. Plaintiff's Amended Complaint fails to allege sufficient facts to state a claim for relief.

6. Plaintiff was previously deposed in a case with nearly identical facts to this one. In that deposition, Plaintiff admitted that the number where he was contacted was paid for by his employer, he uses it extensively when he works from home at least four days per week, and he is on call via that cellular phone twenty-four hours per day, seven days a week. Plaintiff further testified that he has a separate residential land line. All of those factors inexorably lead to the conclusion that Plaintiff's cellular phone number is not a residential number protected by the TCPA.

7. CyFlare requests that the Court consider the aforementioned deposition transcript in deciding this motion. If consideration of the deposition transcript requires converting this motion to a motion for summary judgment, CyFlare is not opposed to such conversion.

8. Plaintiff fails to sufficiently allege the "willful" or "knowing" violation of the TCPA which is required for Plaintiff to recover treble damages under the TCPA.

9. Finally, Plaintiff lacks Article III standing to request injunctive relief. Plaintiff is required to plead a risk of real and immediate injury which he cannot do since he does not claim he received any further calls after March 26, 2025, and filed the instant action three days later on March 29, 2025.

10. As set forth in Defendant's Memorandum in Support of its Motion to Dismiss, which CyFlare incorporates herein by reference, Plaintiff has not and cannot plead the facts required to maintain the claims set forth in his Class Action Complaint.

Dated: June 17, 2025

BOND, SCHOENECK & KING, PLLC

By: _____
Curtis A. Johnson
(admitted pro hac vice)
*Attorneys for CyFlare Security, Inc.*
350 Linden Oaks, Third Floor
Rochester, New York 14625-2825
Telephone: (585) 362-4700
cjohnson@bsk.com

21831110.v1

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 17, 2025, a true copy of the foregoing and the accompanying Defendant's Memorandum of Law in Support of its Motion to Dismiss Amended Complaint was electronically filed with the Clerk of the Court and served upon all counsel of record.

_____
Curtis A. Johnson

21831110.v1