**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| **EDWARD J. KOELLER**, on behalf of himself and all others similarly situated, | 4:25-cv-00410-MTS |
| Plaintiff, | Honorable Judge Matthew T. Schelp |
| v. | |
| **CYFLARE SECURITY INC.**, | |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS AMENDED COMPLAINT**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION .............................................................................................. 1

II.     FACTS AS ALLEGED IN THE COMPLAINT .............................................. 1

III.    LEGAL STANDARD....................................................................................... 2

IV.     DEPOSITION FROM UNRELATED CASE IS PROCEDURALLY AND
        FACTUALLY INAPPROPRIATE................................................................... 3

        A.    CyFlare's Reliance on Stale Testimony Distorts the Facts........................ 5

        B.    Defendant's Argument Fails Even Under Its Own Evidence .................... 6

        C.    Defendant's Personal Attacks on Plaintiff Should be Ignored ................. 6

V.      PLAINTIFF'S TELEPHONE NUMBER IS RESIDENTIAL UNDER THE TCPA ........ 8

VI.     PLAINTIFF PROPERLY PLEADED HIS TCPA CLAIM ............................ 10

VII.    PLAINTIFF HAS STANDING TO PURSUE INJUNCTIVE RELIEF.......................... 12

VIII.   DISMISSING OR STRIKING TREBLE DAMAGES IS PROCEDURALLY
        PREMATURE ................................................................................................. 13

IX.     CONCLUSION................................................................................................. 15

# **TABLE OF AUTHORITIES**

**Cases**

*Bagwell v. Reece Builders E. Coast Div., LLC*,
  2024 U.S. Dist. LEXIS 119570  (S.D. Fla. 2024) ................................................................. 13

*Ashanti v. City of Golden Valley*,
  666 F.3d 1148 (8th Cir. 2012). ............................................................................................. 3

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................... 3

*Basham v. Midland Funding, LLC*,
  2022 U.S. Dist. LEXIS 69857 (E.D. Mo. 2022) ................................................................. 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................... 2

*Clemons v. Bradford O'Neil Agency, LLC*,
  2021 U.S. Dist. LEXIS 24411 (E.D. Mo. 2021). ................................................................. 11

*Cunningham v. Rapid Response Monitoring Servs.*,
  251 F. Supp. 3d 1187  (M.D. Tenn. 2017) ............................................................................. 7

*Eagle v. GVG Capital, LLC*,
  2023 U.S. Dist. LEXIS 15834 (W.D. Mo. 2023) ................................................................. 12

*Ewing v. Freedom Forever, LLC*,
  2024 U.S. Dist. LEXIS 10197 (S.D. Cal. 2024) ................................................................. 14

*Gonzalez v. Burger L., LLC*,
  2024 U.S. Dist. LEXIS 41018 (E.D. Mo. 2024) ................................................................. 12

*Griffin v. Am.-Amicable Life Ins. Co. of Tex.*,
  2024 U.S. Dist. LEXIS 175344 (D. Or. 2024) ..................................................................... 13

*Hamilton v. Palm*,
  621 F.3d 816 (8th Cir. 2010) ................................................................................................. 3

*Hamm v. Rhone-Poulenc Rorer Pharms. Inc.*,
  187 F.3d 941 (8th Cir. 1999). ............................................................................................... 4

*Howell v. Smartmatch Ins. Agency, LLC*,
  2023 U.S. Dist. LEXIS 181510 (W.D. Mo. 2023) ............................................................... 12

*Hunter v. Palisades Acquistion XVI, LLC*,
  2017 U.S. Dist. LEXIS 189902 (S.D.N.Y. 2017) ............................................................... 14

*Katz v. CHW Grp., Inc.*,
   2023 U.S. Dist. LEXIS 176206 (W.D. Ark. 2023). ............................................... 8, 9

*Klassen v. Solid Quote LLC*,
   702 F. Supp. 3d 1052 (D. Colo. 2023) ..................................................................... 10

*Koeller v. Seemplicity Security Inc.*,
   2024 U.S. Dist. LEXIS 205164 (E.D. Mo. 2024) ....................................................... 5

*LeMay v. Mays*,
   18 F.4th 283 (8th Cir. 2021), .................................................................................... 4

*Martin v. Bottom Line Concepts, LLC*,
   723 F. Supp. 3d 270 (S.D.N.Y. 2024) ...................................................................... 13

*McMorrow v. Core Props., LLC*,
   2023 U.S. Dist. LEXIS 223207 (E.D. Mo. 2023). .................................................... 11

*Mey v. Venture Data, LLC*,
   245 F. Supp. 3d 771 (N.D.W. Va. 2017) .................................................................... 7

*Murray v. GMAC Mortg. Corp.*,
   434 F.3d 948 (7th Cir. 2006) ...................................................................................... 7

*Norfolk v. Rogers Mfg. Corp.*,
   122 F.4th 312 (8th Cir. 2024). ................................................................................... 3

*Ortega v. Sienna Mktg. & Consulting Inc.*,
   2025 U.S. Dist. LEXIS 39849 (W.D. Tex. 2025) ..................................................... 10

*Perrong v. Victory Phones LLC*,
   2021 U.S. Dist. LEXIS 132404 (E.D. Pa. 2021) ........................................................ 7

*Poonja v. Kelly Servs.*,
   2021 U.S. Dist. LEXIS 186809 (N.D. Ill. 2021) ...................................................... 14

*Porous Media Corp. v. Pall Corp.*,
   186 F.3d 1077 (8th Cir. 1999); ................................................................................... 3

*Sasin v. Enter. Fin. Grp.*,
   2017 U.S. Dist. LEXIS 229459 (C.D. Cal. 2017) ..................................................... 13

*See, e.g., Robertson v. Mortg. Rsch. Ctr., LLC*,
   2024 U.S. Dist. LEXIS 221676 (W.D. Mo. 2024) .................................................... 12

*Smith v. Truman Rd. Dev., LLC*,
   2020 U.S. Dist. LEXIS 74330 (W.D. Mo. 2020) ....................................................... 8

*St. Louis Heart Ctr., Inc. v. Forest Pharms., Inc.*,
    2013 U.S. Dist. LEXIS 35563 (E.D. Mo. 2013)........................................................ 10

*Thompson v. Vintage Stock, Inc.*,
    2024 U.S. Dist. LEXIS 22276 (E.D. Mo. 2024)...................................................... 12

*Vallesillo v. Money Tree Merchant Services Corp.*,
    2024 U.S. Dist. LEXIS 97600 (D. Neb. 2024)............................................................ 4

**Rules**

47 U.S.C. § 227 ...................................................................................................... 2, 10, 11

47 U.S.C. § 227(c)(5)(A) ................................................................................................. 12

## I.    INTRODUCTION

In early 2025, CyFlare Security Inc. ("Defendant" or "CyFlare") flooded Plaintiff with telephone solicitations—advertising various cybersecurity products and services. Plaintiff never consented to these calls and had no prior business relationship with CyFlare. Moreover, Plaintiff registered his telephone number (a) on the National Do-Not-Call Registry in 2007, and (b) on the Missouri No-Call List in 2013. These violations are not isolated—indeed, a 2024 consumer complaint publicly described CyFlare's telemarketing conduct as "unsolicited, aggressive, and disrespectful."

Plaintiff brings this action to stop CyFlare's unlawful telemarketing practices. In response, CyFlare attempts to avoid responsibility by relying almost entirely on an outdated and factually inaccurate deposition from a different case—evidence that is irrelevant and improper on a Rule 12(b)(6) motion.

Dismissal is unwarranted for five key reasons:

1.    The Court should not consider an outdated deposition transcript from another, unrelated case;

2.    Plaintiff's telephone number qualifies as a "residential" number under the TCPA;

3.    Plaintiff has adequately stated a claim under the TCPA;

4.    Plaintiff has standing to seek injunctive relief; and

5.    CyFlare's challenge to treble damages is premature at the pleading stage.

6.    For these reasons, the Court should deny CyFlare's motion to dismiss.

## II.    FACTS AS ALLEGED IN THE COMPLAINT

Plaintiff Edward J. Koeller is a Missouri resident who has used the telephone number (314) 602-XXXX for personal and residential purposes for over 20 years. Am. Compl. ¶ 15. The number is not associated with any business. *Id.* To avoid unwanted telemarketing calls, Plaintiff registered the number on the National Do Not Call Registry in August 2007 and the Missouri No-Call List

1

in January 2013. *Id.* ¶¶ 19-20.

CyFlare is a New York-based cybersecurity company that markets its services through outbound telemarketing. Am. Compl. ¶¶ 4, 26, 28. Plaintiff has never been a CyFlare customer and never consented to receive calls from the company. *Id.* ¶ 21. To the contrary, he proactively registered his number on both federal and state do-not-call lists. *Id.* ¶¶ 19–20.

Despite these clear opt-out efforts, CyFlare placed unsolicited telemarketing calls to Plaintiff's number. On February 10, 2025, and again on March 26, 2025, Plaintiff received calls from the same caller ID (314-380-208X). Am. Compl. ¶¶ 22–26. In both, the caller identified himself as "Alex" from CyFlare and attempted to sell CyFlare's cybersecurity services. *Id.* ¶ 24. During the first call, Plaintiff told the caller the number was personal and that he was not interested. Nevertheless, CyFlare placed a second unsolicited call the following month. *Id.* ¶¶ 23–27.

These calls are consistent with CyFlare's broader telemarketing practices. A public Google review from July 2024 rated the company "one star," describing its outreach as "unsolicited, aggressive, and disrespectful." *Id.* ¶ 30.

Plaintiff alleges these calls violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and invaded his privacy by causing annoyance and disruption. Plaintiff brings this action on behalf of himself and a proposed class of individuals who, like him, registered their numbers on the National Do Not Call Registry but received multiple marketing calls from CyFlare within a 12-month period. He seeks statutory and treble damages, injunctive relief, and class certification under Rule 23.

## III.    LEGAL STANDARD

Under Rule 12(b)(6), plaintiffs need only "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, while allegations must "raise a right to relief above the speculative level," detailed allegations are not required. *Id*. at 555. A

claim is plausible when the facts allow the court to draw the reasonable inference that the defendant is liable for engaging in the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts must accept as true the factual allegations in the complaint and draw all the reasonable inferences in the plaintiff's favor. *Norfolk v. Rogers Mfg. Corp.*, 122 F.4th 312, 315 (8th Cir. 2024). In fact, "[a] plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint strikes a savvy judge that actual proof of the facts alleged is improbable and recovery very remote and unlikely." *Id.* (quoting *Hamilton v. Palm*, 621 F.3d 816, 819 (8th Cir. 2010)).

## IV.    DEPOSITION FROM UNRELATED CASE IS PROCEDURALLY AND FACTUALLY INAPPROPRIATE

CyFlare's motion to dismiss improperly relies on deposition testimony from a separate, unrelated case—*Koeller v. CybelAngel USA Inc.*, No. 4:23-cv-00319 (E.D. Mo.)—to argue that Plaintiff's phone number was used for business purposes. See Doc. 21-1. This reliance is both procedurally improper under Rule 12(b)(6) and factually irrelevant, as the deposition concerns different conduct, a different defendant, and events that occurred nearly two years prior to those at issue here.[1]

Defendant's request is an improper attempt to submit evidentiary material outside the complaint to support a Rule 12(b)(6) motion to dismiss and is not a proper subject of judicial notice. Under well-settled Eighth Circuit law, a court ruling on a Rule 12(b)(6) motion may only consider the complaint itself, documents attached to or incorporated by reference into the complaint, and materials "necessarily embraced by the pleadings." See *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *Ashanti v. City of Golden Valley*, 666 F.3d 1148,

---

[1] Upon receiving CyFlare's motion to dismiss, Plaintiff's counsel promptly informed Defendant that Plaintiff no longer receives a stipend and no longer uses the number for any work-related purposes.

1151 (8th Cir. 2012). Materials that fall outside these categories "may not be considered in deciding a Rule 12 motion to dismiss." *Ashanti*, 666 F.3d at 1151.

The deposition transcript submitted by Defendant falls squarely outside these permissible categories. It is from a different lawsuit involving a different defendant and concerns calls placed long before the conduct alleged here. It was not attached to the complaint, incorporated by reference, or integral to Plaintiff's claims. As the Eighth Circuit explained in *LeMay v. Mays*, 18 F.4th 283, 289 (8th Cir. 2021), while courts may consider exhibits attached to the complaint or embraced by the pleadings, "[s]uch evidence may not, however, be viewed for the truth of the matters asserted." *Id.* (cleaned up). Yet CyFlare does precisely this and asks this Court to treat out-of-context, outdated deposition testimony as conclusive fact contradicting the allegations in the Complaint. The Court should disregard Defendant's improper use of the deposition transcript.

Courts in this Circuit routinely reject similar tactics. In *Vallesillo v. Money Tree Merchant Services Corp.*, No. 8:23-CV-536, 2024 U.S. Dist. LEXIS 97600, at *16 (D. Neb. May 23, 2024), the court emphasized that "matters outside the pleadings" include "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings," and such evidence cannot be accepted for the truth of its contents. See also *Hamm v. Rhone-Poulenc Rorer Pharms. Inc.*, 187 F.3d 941, 948 (8th Cir. 1999).

CyFlare argues that the Court should disregard binding Eighth Circuit precedent because the Amended Complaint is not a sworn statement. To eliminate any doubt, Plaintiff has submitted a sworn declaration (**Exhibit A**) confirming the facts alleged and demonstrating that the information CyFlare relies on is outdated and no longer accurate.[2]

---

[2] Any suggestion that Plaintiff or his counsel misrepresented facts or acted improperly is unfounded and appears to be a strategic effort to distract from the legal issues. The Court should disregard it.

In addition, the U.S. District Court for the Eastern District of Missouri has already rejected CyFlare's precise attempt to use this same deposition transcript. In *Koeller v. Seemplicity Security Inc.*, No. 4:24-cv-00528-SRC, 2024 U.S. Dist. LEXIS 205164, at *7 (E.D. Mo. Nov. 12, 2024), the court held that the transcript was "not incorporated into the complaint, not integral to the claims, and therefore outside the scope of Rule 12(b)(6)."

This Court should do the same. Defendant's effort to circumvent Rule 12(b)(6) standards by relying on extraneous, outdated testimony from a different case should be rejected. The Court should disregard the deposition transcript and confine its analysis to the well-pleaded allegations in the operative complaint.

## A.      CyFlare's Reliance on Stale Testimony Distorts the Facts

Even if the Court were to consider the deposition transcript, which it should not, the testimony is outdated and irrelevant to Plaintiff's present-day circumstances and claims. The deposition was taken in January 2024, in a different case, and concerned Plaintiff's phone use between 2020 and 2022 and an employer stipend tied to a role he has not held since 2020. See Doc. 21-1; Koeller Decl. ¶¶ 4-6.  It has no bearing on how Plaintiff currently uses the number at issue or the claims against CyFlare.

CyFlare selectively quotes from this stale testimony to create a misleading picture of Plaintiff's phone use. As confirmed in Plaintiff's sworn declaration (Ex. A), the facts CyFlare relies on are simply no longer true.

For example, CyFlare claims Plaintiff is on a cybersecurity incident response team, is on call at all times, uses his personal phone as his primary contact method for work, and receives a monthly stipend from his employer to cover a portion of his phone plan. (Def. MTD at 1, 6, citing Ex. A at 12, 14, 19, 44–55).

None of that is accurate. Plaintiff has not received any employer stipend for phone use

since August 2024—months before CyFlare's calls in February and March 2025. He no longer

serves in a cybersecurity response role requiring work-related use of his personal phone. Koeller

Decl. ¶ 5. His cell phone number is used for personal and residential purposes. As has always been

the case, the phone account is part of a shared family plan with his spouse and children and is not

used for business. See Am. Compl. ¶17.

Plaintiff's allegations are accurate, made in good faith, and supported by his sworn

declaration. CyFlare's effort to contradict them using outdated and irrelevant deposition testimony

from another case should be rejected.

## B.    Defendant's Argument Fails Even Under Its Own Evidence

Even if the transcript were admissible—and even if it accurately reflected Plaintiff's

current circumstances—it still fails to support Defendant's position that Plaintiff's phone was used

for business purposes in a manner that would justify dismissal under the TCPA.

In the deposition, Plaintiff testified that he personally pays the phone bill, that any

employer stipend covered only a small portion of the cost, and that the phone was part of a family

plan. See Doc. 21-1 at 43–45. He further testified that work-related calls were rare and occurred

only "a couple times a year." *Id.* at 46. Far from contradicting Plaintiff's claim that the number is

residential, this testimony supports it.

This testimony does not establish that the number was not "residential" under the TCPA.

To the contrary, it confirms the residential nature of the line: personally paid, part of a shared

family plan, and rarely used for work. Rather than undermining Plaintiff's claim, the transcript

supports it.

## C.    Defendant's Personal Attacks on Plaintiff Should be Ignored

CyFlare's attempts to portray Plaintiff as a "serial filer" is a personal attack—not a legal

argument—and has no bearing on the merits of this case. Defendant includes a list of unrelated

TCPA cases Plaintiff has filed over the years, none of which involve CyFlare or the calls at issue here. This tactic is plainly designed to discredit Plaintiff rather than engage with the legal sufficiency of his claims. The Court should disregard it.

Courts routinely reject such arguments, particularly in the context of consumer protection statutes like the TCPA. As the court recently held in *Vallesillo*, "Money Tree has not identified nor has the Court found any controlling precedent that suggests the Court may dismiss a complaint due to a plaintiff's or plaintiff's counsel's engagement in multiple litigations under the same statute." *Vallesillo*, 2024 U.S. Dist. LEXIS 97600 at *4–5. The same is true here. The statutory protections of the TCPA apply equally to all individuals, regardless of how many times they have previously exercised those rights. Defendant offers no authority to the contrary.

Courts routinely recognize that prior litigation activity, especially in consumer protection contexts like the TCPA, does not undermine a plaintiff's credibility or ability to assert statutory rights. *Murray v. GMAC Mortg. Corp*., 434 F.3d 948, 954 (7th Cir. 2006) (rejecting notion that being a "professional plaintiff" is inherently negative, noting that it "implies experience, if not expertise."); *Cunningham v. Rapid Response Monitoring Servs*., 251 F. Supp. 3d 1187, 1195 (M.D. Tenn. 2017)("Litigation is not college athletics: there is no 'amateurs only' rule," and rejecting the claim that becoming a so-called "professional plaintiff" forfeits one's rights to privacy and seclusion); *Perrong v. Victory Phones LLC*, No. 20-5317, 2021 U.S. Dist. LEXIS 132404, at *11 (E.D. Pa. July 15, 2021)("The Court declines to give Victory Phones a 'free pass' simply because they robo-dialed a caller aware of his rights under the TCPA"); *Mey v. Venture Data, LLC*, 245 F. Supp. 3d 771, 783 (N.D.W. Va. 2017) (plaintiff's advanced telephone equipment does not strip her of statutory protection "any more than the purchase of a burglar alarm would indicate that the homeowner wanted her house to be broken into."). The statutory protections of the TCPA apply

equally to all individuals, regardless of how many times they have previously exercised those rights. Defendant offers no authority to the contrary.

CyFlare's suggestion that Plaintiff must have consented to marketing calls simply because he has previously sued other cybersecurity companies is both speculative and unsupported. Whether Plaintiff has been targeted by other unlawful telemarketing campaigns has no relevance to whether CyFlare complied with the TCPA, whether Plaintiff's number was registered on the National Do Not Call Registry, or whether the line at issue was residential within the meaning of the statute. These are the only issues properly before the Court.

In short, CyFlare's personal attacks are irrelevant and improper. The Court should evaluate Plaintiff's claims based on the allegations in the Amended Complaint—not on *ad hominem* attacks aimed at discrediting him for exercising his statutory rights.

## V.    PLAINTIFF'S TELEPHONE NUMBER IS RESIDENTIAL UNDER THE TCPA

Plaintiff has met—and even exceeded—his pleading burden regarding the "residential" nature of his telephone number. *See* Compl. ¶¶14–30. The term "residential . . . is not defined in the TCPA nor in its implementing regulations." *Katz v. CHW Grp., Inc*., No. 5:22-cv-5198, 2023 U.S. Dist. LEXIS 176206, at *13–14 (W.D. Ark. Sep. 29, 2023). However, in the Eighth Circuit, courts have held that telephones "used for both business and residential purposes" are covered by the TCPA. *Vallesillo*, 2024 U.S. Dist. LEXIS at *22–23 (collecting cases) (quoting *Smith v. Truman Rd. Dev., LLC*, No. 4:18-cv-00670, 2020 U.S. Dist. LEXIS 74330, at *39 (W.D. Mo. Apr. 28, 2020)).

For example, in *Katz*, the defendant argued—like CyFlare does here—that a "residential" telephone "must be the primary means of reaching the individual at their residence—that is, there is no other landline or phone at their residence which is instead the primary means of reaching them[.]"  2023 U.S. Dist. LEXIS 176206, at *14 (cleaned up). However, the court rejected this

argument on textual grounds. *Id*. at *14–15 ("[W]ith respect to the text, the Court finds nothing in the language of the organic statute or the implementing regulations to support the . . . 'primary means of reaching the individual at their residence' test. Indeed, quite the opposite[.]"). Rather, the court denied dismissal based on the allegations that telephone numbers were "used primarily as residential and personal numbers." *Id*. at *17. The court explained that "[w]hile perhaps a little thin, [plaintiff's] allegations are sufficient at this early stage to support the reasonable inference that [he] does not primarily use these numbers for business purposes." *Id*

Similarly, in *Vallesillo*, the court held that plaintiff "plausibly alleged his telephone number was 'residential'" even when the telephone number was formally "registered as a business line." 2024 U.S. Dist. LEXIS 97600, at *22–23. In fact, the plaintiff did not dispute that his phone number was "a registered business line." *Id.* at *20–21. Still, the plaintiff alleged that the phone number was "residential" and used "to communicate for personal reasons with his friends and family[.]" *Id.* at *23–24. Based on those allegations, the court held that plaintiff stated a claim—because "mixed-use" phones are still plausibly "residential" under the TCPA. *Id.*

Simply put, Plaintiff Koeller's allegations are stronger than those in *Katz* and *Vallesillo*. Compl. ¶¶14–30. Here, Plaintiff alleged that his telephone number is "a non-commercial telephone number not associated with any business" and is "a residential telephone number" and is "used only for personal residential purposes—i.e., communicating with family members, communicating with friends, scheduling personal appointments for residential purposes." *Id*. ¶¶14–18. Thus, Plaintiff's allegations exceed the "thin" allegations in *Katz*. 2023 U.S. Dist. LEXIS 176206, at *14. And Plaintiff's allegations lack the defect of the "registered business line" in *Vallesillo*. 2024 U.S. Dist. LEXIS 97600, at *22–23. Moreover, in *Seemplicity*, the court already determined that Plaintiff Koeller's telephone number is plausibly residential. 2024 U.S. Dist. LEXIS 205164, at *8

9

(denying dismissal because "Koeller alleges that he uses his cell phone for 'personal residential purposes' . . . [this] allegation is a factual one and in no way conclusory").

Finally—as CyFlare itself appears to admit—the "residential" nature of a telephone is a "fact-intensive" inquiry that cannot be determined at this early stage. *See* Doc. 21, at 10 ("To determine whether a telephone number is residential or business, courts conduct a 'fact-intensive inquiry[.]'"); *see also Ortega v. Sienna Mktg. & Consulting Inc*., No. SA-24-CV-00487, 2025 U.S. Dist. LEXIS 39849, at *8 (W.D. Tex. Mar. 4, 2025) ("[I]t would not be proper to decide whether [plaintiff's] phone number is a business number or a personal/residential number for TCPA purposes . . . whether a cell phone is 'residential' is a 'fact-intensive' inquiry. . . . This is a summary-judgment issue."); *Klassen v. Solid Quote LLC*, 702 F. Supp. 3d 1052, 1058 (D. Colo. 2023) ("I find that Plaintiff's statement that she 'used the aforementioned cell phone primarily for residential purposes, such as talking with friends and family' contains sufficient factual matter[.] . . . At this juncture in the litigation, Plaintiff has done enough. To the extent that [defendant] wishes to further challenge the factual underpinning of this allegation, that is more appropriately addressed in a motion for summary judgment or at trial.").

## VI.    PLAINTIFF PROPERLY PLEADED HIS TCPA CLAIM

"The TCPA outlaws multiple abuses of telephone technology." *St. Louis Heart Ctr., Inc. v. Forest Pharms., Inc*., No. 4:12-CV-02224, 2013 U.S. Dist. LEXIS 35563, at *6 (E.D. Mo. Mar. 13, 2013). And thus, there "are different claims under the TCPA." *Basham v. Midland Funding, LLC*, No. 4:15 CV 30, 2022 U.S. Dist. LEXIS 69857, at *22 (E.D. Mo. Apr. 15, 2022). Relevant here is § 227(c)(5) which "creates a private right of action for '[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed[.]" *Seemplicity*, 2024 U.S. Dist. LEXIS 205164, at *7. And under the TCPA, "no person or entity shall initiate any telephone solicitation to . . . a residential telephone

subscriber who has registered his or her telephone number on the national do-not-call registry[.]" *Id*. (cleaned up).

Under § 227(c)(5), Plaintiff asserted a "National Do-Not-Call Claim" and a "National Do-Not-Call Class." *See* Compl. ¶¶32, 39–44. The elements of this claim are: (1) plaintiff received more than one solicitation within a 12-month period; (2) from defendant (or on behalf of defendant); (3) to encourage purchase, rental, or investment; (4) without prior consent; (5) to a residential telephone number; (6) that was registered on the National Do-Not-Call registry. *McMorrow v. Core Props., LLC*, No. 4:23-cv-00126, 2023 U.S. Dist. LEXIS 223207, at *16 (E.D. Mo. Dec. 15, 2023). Here, Plaintiff's allegations satisfy all six elements. *See* Compl. ¶¶13–30.

In *Seemplicity*, the court held that "Koeller sufficiently pleaded a TCPA claim" based on the allegations that "he uses his cell phone for personal residential purposes . . . that he received two calls from [defendant] within a 12-month period even though he had listed his number on the national do-not-call list." 2024 U.S. Dist. LEXIS 205164, at *7–8. There, the defendant argued that such allegations were "only conclusory statements that do not constitute factual allegations." *Id*. at *8. But the court declared that defendant's "argument lacks merit" because an "allegation stating that a 'cell phone is used for personal and residential purposes' is a non-conclusory factual allegation[.]" *Id*. (quoting *Clemons v. Bradford O'Neil Agency, LLC*, No. 4:21-cv-00678, 2021 U.S. Dist. LEXIS 244116, at *11 (E.D. Mo. Dec. 22, 2021)).

Like *Seemplicity*, Plaintiff's allegations are sufficient—and Plaintiff properly pleaded all six elements of the TCPA claim. *See* 2024 U.S. Dist. LEXIS 205164, at *7–8. First, Plaintiff received calls from CyFlare on February 10, 2025, and March 26, 2025. Compl. ¶22. Second, on both calls, the caller identified himself as "Alex" from CyFlare. *Id*. ¶¶24–25. Third, during the calls, CyFlare tried "to solicit the Plaintiff for its cybersecurity products" and "SOC services." *Id*.

11

¶¶26–28. Fourth, "Plaintiff has never been a customer of CyFlare and never consented to receive calls from CyFlare." *Id*. ¶21. Fifth—and as explained in greater detail *supra*—Plaintiff alleged that his "telephone number is a residential telephone number." *Id*. ¶¶14–18. Sixth, Plaintiff registered his telephone number on the National Do-Not-Call registry in August 2007. *Id*. ¶19.

In analogous TCPA cases, Missouri federal courts recognize that such allegations are sufficient to preclude dismissal. *See, e.g., Robertson v. Mortg. Rsch. Ctr., LLC*, No. 2:24-cv-04106, 2024 U.S. Dist. LEXIS 221676, at *3 (W.D. Mo. Dec. 9, 2024) (denying dismissal in relevant part when plaintiff alleged nonconsensual telephone solicitations); *Gonzalez*, 2024 U.S. Dist. LEXIS 41018, at *10 (E.D. Mo. Mar. 8, 2024) (same); *Thompson v. Vintage Stock, Inc*., No. 4:23-cv-00042, 2024 U.S. Dist. LEXIS 22276, at *4, 24 (E.D. Mo. Feb. 8, 2024) (same); *Howell v. Smartmatch Ins. Agency, LLC*, No. 4:23-CV-00040, 2023 U.S. Dist. LEXIS 181510, at *9 (W.D. Mo. Sep. 29, 2023) (same); *Eagle v. GVG Capital, LLC*, No. 22-cv-00638, 2023 U.S. Dist. LEXIS 15834, at *10 (W.D. Mo. Jan. 31, 2023) (same).

## VII.    PLAINTIFF HAS STANDING TO PURSUE INJUNCTIVE RELIEF

Section 227(c)(5)(A) of the TCPA enables plaintiffs to bring "an action based on a violation of the regulations prescribed under this subsection to enjoin such violation[.]" 47 U.S.C. § 227(c)(5)(A); *Seemplicity*, 2024 U.S. Dist. LEXIS 205164, at *13 (dismissing when plaintiff did "not dispute" the motion to dismiss). Here, Plaintiff seeks injunctive relief under § 227(c)(5)(A) because she alleged that CyFlare engages in a pattern and practice of violating the TCPA. Compl. ¶¶19–30. For example, in 2024, one consumer gave CyFlare a "one star" rating on Google Reviews—and publicly reported that "What a rude group of guys cold calling. Seriously totally [*sic*] unsolicited, aggressive, and disrespectful." *Id*. ¶30. In other words, CyFlare knew, or should have known, that its telemarketing practices were unlawful. *Id*. Nonetheless, CyFlare continued to

engage in nonconsensual telephone solicitations—as evidenced by the illegal calls to Plaintiff in February and March 2025. *Id*. ¶22.

At this early stage, these allegations are sufficient. *See Griffin v. Am.-Amicable Life Ins. Co. of Tex.*, No. 6:24-cv-00243, 2024 U.S. Dist. LEXIS 175344, at *16 (D. Or. Sep. 27, 2024) (holding that plaintiffs "sufficiently allege an imminent risk of future harm that entitles them to injunctive relief" because "'it is plausible that [plaintiffs] may receive additional calls in the future,' particularly where, as here, a defendant has made no assurances that it will abstain from the allegedly wrongful conduct") (quoting *Sasin v. Enter. Fin. Grp.*, No. CV 17-4022, 2017 U.S. Dist. LEXIS 229459, at *20 (C.D. Cal. Nov. 21, 2017)). Thus, Plaintiff should not be precluded from seeking injunctive relief at this early stage.

## VIII.    DISMISSING OR STRIKING TREBLE DAMAGES IS PROCEDURALLY PREMATURE

Plaintiff properly pleaded treble damages and dismissing or striking treble damages would be premature. *See* Compl. ¶¶ 26–30, 40, 42. Courts have explained that requests to dismiss or strike treble damages are "procedurally premature." *Martin v. Bottom Line Concepts, LLC*, 723 F. Supp. 3d 270, 284 (S.D.N.Y. 2024). Rather, "[w]hether [plaintiff] can adduce evidence sufficient to support an award of treble damages cannot be resolved until after discovery, either on a motion for summary judgment or at trial." *Id*.; *see also Bagwell v. Reece Builders E. Coast Div., LLC*, No. 0:24-cv-60149, 2024 U.S. Dist. LEXIS 119570, at *11 (S.D. Fla. July 8, 2024) ("Because the TCPA speaks to a remedy which may be awarded in the Court's discretion upon finding that Defendant acted 'willfully' or 'knowingly,' it would be inappropriate at the motion to dismiss stage to exclude the possibility of the Court later making such a finding based on additional facts to support Plaintiff's allegations.") (internal quotation omitted). Additionally, treble damages are "a form of damages, not an independent cause of action." *Martin*, 723 F. Supp. 3d at 284 (quoting

*Hunter v. Palisades Acquistion XVI, LLC*, No. 16 Civ. 8779, 2017 U.S. Dist. LEXIS 189902, at *27 (S.D.N.Y. Nov. 16, 2017)).

In *Seemplicity*, the court dismissed the request for treble damages. 2024 U.S. Dist. LEXIS 205164, at *13. There, the court reasoned that Plaintiff had not "alleged ***any facts*** showing that [defendant] knew that Koeller had registered his phone number on the national do-not-call registry . . . [or] that [defendant] purposely called a residential telephone subscriber who had registered his number on the national do-not-call registry." *Id*. at *12–13.

In sharp contrast, Plaintiff has alleged specific facts—which plausibly establish that CyFlare violated the TCPA "willfully" or "knowingly." Compl. ¶¶19–30. For example, in 2024, one consumer publicly reported that CyFlare was engaging in unlawful "cold calling" that was "unsolicited, aggressive, and disrespectful." *Id*. ¶30. Thus, CyFlare knew, or should have known, that its telemarketing practices were unlawful. *Id*. However, CyFlare continued to engage in nonconsensual telephone solicitations—as evidenced by the illegal calls to Plaintiff in early 2025. *Id*. ¶22. Simply put, Plaintiff has alleged the "any facts" that were absent in *Seemplicity*.

At this early stage, these allegations are sufficient to establish that treble damages are plausible. *See, e.g., Ewing v. Freedom Forever, LLC*, No. 23-CV-1240, 2024 U.S. Dist. LEXIS 10197, at *26 (S.D. Cal. Jan. 19, 2024) (declining to dismiss when plaintiff alleged that "his cell phone number is on the federal do-not-call list and has been since 2012"); *Poonja v. Kelly Servs*., No. 20-cv-4388, 2021 U.S. Dist. LEXIS 186809, at *9–10 (N.D. Ill. Sep. 29, 2021) (holding that "striking the claim for treble damages would be premature" because the plaintiff alleged that "[d]efendant failed to implement proper procedures" regarding the TCPA and "[a]ccepting that allegation as true . . . the Court cannot say that it excludes the possibility of willful conduct").

14

IX.    **CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss in its entirety. If the Court grants any portion of Defendant's motion, then Plaintiff respectfully seeks leave to amend.

Dated: July 22, 2025                    Respectfully submitted,

By: */s/ Cassandra P. Miller*
Cassandra P. Miller (*pro hac vice*)
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago Illinois, 60611
T: (872) 263-1100
F: (872) 263-1109
cmiller@straussborrelli.com

Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
T: (617) 485-0018
F: (508) 318-8100
anthony@paronichlaw.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2025, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: July 22, 2025                    Respectfully submitted,


By: */s/ Cassandra P. Miller*
Cassandra P. Miller (*pro hac vice*)
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago Illinois, 60611
T: (872) 263-1100
F: (872) 263-1109
cmiller@straussborrelli.com