UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

---

EDWARD J. KOELLER, individually and on behalf of all others similarly situated,

                Plaintiff,

v.

CYFLARE SECURITY, INC.,

                Defendant.

Civil Action No.

4:25-cv-00410-MTS

---

# DEFENDANT CYFLARE SECURITY, INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

Curtis A. Johnson, Esq.
(admitted pro hac vice)
BOND, SCHOENECK & KING, PLLC
350 Linden Oaks, Third Floor
Rochester, New York 14625
Tel: (585) 362-4812
cjohnson@bsk.com

*Attorneys for CyFlare Security, Inc.*

TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Ewing v. Freedom Forever, LLC*,
    No. 23-CV-1240,
    2024 U.S. Dist. LEXIS 10197 (S.D. Cal. Jan. 19, 2024)...................................................4, 5

*Griffin v. Am.-Amicable Life Ins. Co. of Tex.*,
    Case No. 6:24-cv-00243-MC,
    2024 U.S. Dist. LEXIS 175344 (D.Or. Sep. 27, 2024).....................................................3, 4

*Koeller v. Seemplicity Security Inc.*,
    No. 4:24-cv-00528-SRC,
    2024 U.S. Dist. LEXIS 205164 (E.D. Mo. Nov. 12, 2024) ...................................................4

*Poonja v. Kelly Servs.*,
    No. 20-cv-4388,
    2021 U.S. Dist. LEXIS 186809 (N.D. Ill. Sep. 29, 2021) ................................................4, 5

## TABLE OF CONTENTS

                                                                    **Page**

TABLE OF AUTHORITIES .................................................................................................. ii

ARGUMENT ......................................................................................................................... 1

      I.      Plaintiff's Declaration Confirms the Infirmities of his Claim ................................. 1

      II.     Plaintiff's Declaration is Inconsistent with Prior Testimony .................................. 2

      III.    The Amended Complaint Remains Inconsistent with Sworn Statements ............... 2

      IV.    Plaintiff Fails to State a Claim Sufficient for Treble Damages or Injunctive Relief
              ................................................................................................................................ 3

CONCLUSION ...................................................................................................................... 5

Defendant CyFlare Security, Inc. ("CyFlare"), by and through its attorneys, Bond, Schoeneck & King, PLLC, submits this Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss the Amended Complaint. For the reasons stated herein, Defendant's Motion to Dismiss should be granted, and the Amended Complaint should be dismissed with prejudice. In support of its motion to dismiss, CyFlare states as follows:

## ARGUMENT

### I.     Plaintiff's Declaration Confirms the Infirmities of His Claim.

In an effort to address the admissions he made when deposed in another of his TCPA cases, Plaintiff Edward Koeller ("Plaintiff") submitted a declaration that confirmed through omission many of his prior admissions. In its moving papers, CyFlare focused on four key facts all of which are strong evidence that the phone number CyFlare is alleged to have twice called is not a residential phone number: (1) Plaintiff works remotely and uses his cellular phone to communicate with colleagues via voice calls and text messages; (2) Plaintiff is on call 24/7 to address cybersecurity incidents and his employer uses his cellular phone to reach him in the case of incidents; (3) Plaintiff's employer pays him a monthly stipend to maintain his cellular phone number; and (4) Plaintiff has a separate residential land line that he uses exclusively for residential purposes. Plaintiff's declaration only addressed two of those factors, stating under penalty of perjury that his employer no longer pays for his cellular phone, a practice which ended as of August 31, 2024 and that as of January 2020 he was no longer on-call. (Dkt. # 26.) Nowhere in his declaration did Plaintiff swear that he no longer works remotely and does not use his cellular phone to text and call the office, at least during business hours. (*Id.*) Absent from his declaration is also any contention that he no longer has a separate residential landline. (*Id.*)

22041214.v1

## II.  Plaintiff's Declaration is Inconsistent with Prior Testimony.

Plaintiff's recent declaration is not consistent with his prior testimony. The deposition upon which CyFlare relies in support of its motion was taken on January 30, 2024. At the time of that deposition, Plaintiff testified in the present tense that he was then involved in incident response on behalf of his employer and that his employer paid a stipend for his cellular phone so that he would be accessible outside of working hours. (Dkt. 21-1 at 44-45 of 73.) Plaintiff testified that he took on that incident response position on January 1, 2020, and that the stipend started at the same time. (*Id.* at 44 of 73.) However, Plaintiff's recent declaration states that "As of approximately January, 2020, my role at the company changed. My current position is within the company's vulnerability management team, which focuses on identifying and addressing potential cybersecurity risks before they lead to an incident. This role does not require me to be on call." (Dkt. # 26.) Plaintiff's counsel doubled down on the same, arguing in its opposition brief that the stipend Plaintiff received was "tied to a role he has not held since 2020." (Dkt. # 25 at 5.) Plaintiff's statements are plainly inconsistent. While previously under oath, he testified that his on-call work started in January 2020 and continued through at least January 2024, but his recent sworn statement is that his on-call work ended in January 2020.

## III.  The Amended Complaint Remains Inconsistent with Sworn Statements.

The Amended Complaint does not contain any of the detail Plaintiff provided in his declaration, but it does allege that "Plaintiff's telephone number, (314) 602-XXXX, is a cellular telephone number used only for personal residential purposes—i.e., communicating with family members, communicating with friends, scheduling personal appointment (sic) for residential purposes." (Dkt. # 18 at ¶ 17.) Plaintiff's prior testimony that he communicates with co-workers while working remotely using his cellular phone, and his failure to amend that prior testimony via

2

his recent declaration, makes clear that the allegation in Paragraph 17 of the Amended Complaint is either false or at best misleadingly incomplete.

Contrary to Plaintiff's argument about the testimony given in the CybelAngel case, Plaintiff did not testify that he called and was called by co-workers and texted with them only a few times per year, his testimony was that he responded in incidents as an on-call incident responder a couple of times a year. (Dkt. # 21-1 at 45 of 73.) Calls and texts with coworkers from his cellular phone were much more regular. He used his cellular phone to communicate with coworkers while working remotely far more often with call records showing multiple calls with numbers associated with his employer. (*Id.* at 48-53 of 73.)

### IV.   Plaintiff Fails to State Claims Sufficient for Treble Damages or Injunctive Relief.

Plaintiff's entire claim for treble damages and injunctive relief is based on a single Google review where someone apparently complained about the content of CyFlare's call, not that their number was on a Do-Not-Call list or that CyFlare was violating the TCPA. (Dkt.# 18 at ¶ 30.) At most, this Google review is evidence that CyFlare engages in telemarketing, not that it repeatedly violates the TCPA or is likely to do so again (assuming it did so here).

The Google review allegation does not rise to the level of the allegations in *Griffin v. Am.-Amicable Life Ins. Co. of Tex.*, a case relied upon by Plaintiff in an attempt to save its claim for injunctive relief in the face of CyFlare's argument that the Amended Complaint fails to allege any risk of irreparable harm. Case No. 6:24-cv-00243-MC, 2024 U.S. Dist. LEXIS 175344 (D.Or. Sep. 27, 2024). That case involved two putative class representatives with similar claims, demonstrating a pattern of practice of calling people on the Do-Not-Call list. *Id*. The allegations relied upon in the Griffin case that prevented dismissal of those plaintiffs' claim for injunctive relief include that the defendant there "'engages in unsolicited marketing, harming thousands of

3

consumers in the process,' and that '[t]he cumulative effect of unsolicited phone calls and voicemails like Defendant's poses a real risk of ultimately rendering [Plaintiffs' phones] unusable[.]'" *Id.* at *16. No allegations of that type were made here. The Griffin court found the absence of a declaration from the defendant containing assurances that it would cease contact with the plaintiffs meaningful to its analysis. *Id.* at *16-*17. To the extent Plaintiff wants assurances that he will not receive another call from CyFlare, the company is happy to make that representation. (Declaration of Akash Desai Regarding Future Communications with Edward J. Koeller dated July 28, 2025.)

The Google review allegation is likewise insufficient to serve as an allegation of willfulness of even knowledge such that the Amended Complaint can serve as a basis for treble damages. Contrary to Plaintiff's arguments that dismissal of treble damages claim at the motion to dismiss stage is procedurally premature, that is exactly what the Eastern District of Missouri did in Plaintiff's case against Seemplicity Security, Inc. *Koeller v. Seemplicity Security Inc.*, No. 4:24-cv-00528-SRC, 2024 U.S. Dist. LEXIS 205164, at *13 (E.D. Mo. Nov. 12, 2024). Just like in that case, there are no facts in the Amended Complaint which if true would demonstrate CyFlare's knowledge that Plaintiff's cellular phone number was on the Do-Not-Call list or that it purposely called him at a residential number. There is nothing illegal about "cold-calling," and nothing in the Amended Complaint contends that CyFlare was aware of the Google review mentioning cold-calling. Even if CyFlare was aware of the Google review, that review made no mention of the Do-Not-Call list or the TCPA.

Plaintiff cites to two cases where it contends courts found allegations sufficient to state claims for treble damages, *Poonja v. Kelly Servs.*, (No. 20-cv-4388, 2021 U.S. Dist. LEXIS 186809, at *9–10 (N.D. Ill. Sep. 29, 2021)) and *Ewing v. Freedom Forever, LLC*, (No. 23-CV-

4

1240, 2024 U.S. Dist. LEXIS 10197, at *26 (S.D. Cal. Jan. 19, 2024)). *Poonja* is a prematurity case, the court there did not identify any specific allegation that was sufficient to allege knowledge or intent. *Poonja*, 2021 U.S. Dist. LEXIS 186809 at *10. *Ewing* turned on the court taking judicial notice of prior TCPA actions brought against the same defendant and the fact that the complaint alleged that the plaintiff became upset on the violative calls, demanding that he never be called again. *Ewing*, 2024 U.S. Dist. LEXIS 10197 at *24-26. There are no allegations here that Plaintiff told CyFlare he was on a Do-Not-Call list or that he should not be called again, and CyFlare has never been sued under the TCPA before.

## CONCLUSION

For the reasons stated herein, and those stated in CyFlare's moving papers, the Court should dismiss the Amended Complaint with prejudice and grant CyFlare such other and further relief as the Court deems just and proper.

Dated: August 1, 2025                                BOND, SCHOENECK & KING, PLLC

By: _____
Curtis A. Johnson
*Attorneys for CyFlare Security, Inc.*
350 Linden Oaks, Third Floor
Rochester, New York 14625-2825
Telephone: (585) 362-4700
cjohnson@bsk.com