# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EDWARD J. KOELLER, *individually and on behalf of all others similarly situated*, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CYFLARE SECURITY, INC., )<br>)<br>Defendant. ) | Case No. 4:25-cv-00410-MTS |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Cyflare Security, Inc.'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6). Doc. [20]. Plaintiff Edward J. Koeller opposes the Motion, Doc. [25], and Defendant has filed its Reply in Support, Doc. [29]. The Motion is fully briefed and ready for decision. For the reasons that follow, the Court will grant the Motion in part and deny it in part.

\*

This matter arises out of two phone calls Plaintiff Edward Koeller received on a phone that he "use[s] only for personal residential purposes." Doc. [18] ¶ 17. He has listed this telephone number on the Do Not Call Registry since August 2007. *Id.* ¶¶ 19–20. On February 10, 2025, one of Defendant Cyflare Security Inc.'s employees called Plaintiff to solicit the purchase of Defendant's cybersecurity products. Doc. [18] ¶¶ 22, 26. Plaintiff told the caller that he was not interested, and Plaintiff informed him that he had called a personal number. *Id.* ¶ 27. Despite this information, the same employee called Plaintiff once more for the same purpose on March 26, 2025. *Id.* ¶¶ 22, 24.

Now, Plaintiff brings a putative class action asserting a violation of the Telephone Consumer Protection Act ("TCPA"), which provides a private right of action for "[a] person who has received more than one telephone call . . . by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 277(c)(5). One such regulation is 47 C.F.R. § 64.1200(c)(2), which states that:

> No person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not which to receive telephone solicitation that is maintained by the Federal Government.

In terms of recovery, a successful TCPA plaintiff can seek an injunction, monetary relief, or both. 47 U.S.C. § 277(c)(5). With respect to monetary relief, plaintiffs can receive the "actual monetary loss from such a violation" or "$500 in damages for each such violation, whichever is greater." 47 U.S.C. § 277(c)(5)(B). Additionally, treble damages are available "[i]f the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection." *Id.* § 277(c)(5)(C). Here, Plaintiff seeks monetary relief, injunctive relief, and treble damages on behalf of himself and others similarly situated. In response, Defendant moves to dismiss Plaintiff's Amended Complaint for failure to state a claim, failure to put forth sufficient allegations to sustain treble damages, and for a lack of standing to pursue injunctive relief. Doc. [20] ¶¶ 5, 8–9. The Court takes each of Defendant's three arguments in turn.

First, Defendant argues that Plaintiff has failed to state a claim under the TCPA because Plaintiff's phone is not, in fact, a *residential* phone line, and the regulation applicable to Plaintiff's claims does not apply to business-related telephone numbers. To prove its point, Defendant directs the court to deposition testimony taken during a previous lawsuit, which, according to Defendant, demonstrates that (1) Plaintiff "extensively sends and receives calls

and texts to co-workers using the number at issue," and (2) his employer "provides Plaintiff with a stipend for his phone for work purposes." Doc. [21] at 11. If true, such circumstances might prove fatal to Plaintiff's claims because the Do Not Call List regulation under which Plaintiff sues "unambiguously applies only to residential telephone subscribers," *Clauss v. Legend Sec., Inc.*, 4:13-cv-00381-JAJ, 2014 WL 10007080, at *2 (S.D. Iowa Sept. 8, 2014), and under the factual circumstances of a particular case, a mixed-use telephone number can constitute a business line for purposes of the TCPA, *see Chennett v. Porch.com, Inc.*, 50 F.4th 1217, 1225 (9th Cir. 2022) (setting forth five factors to consider).

However, when reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts limit their analysis to "the factual allegations in the complaint . . . and may not consider evidence outside the complaint." *Penn v. Iowa State Bd. of Regents*, 999 F.2d 305, 307 (8th Cir. 1993). Because the deposition testimony that Defendant appends to its motion is neither "necessarily embraced by the pleadings" nor a matter of "public record," the Court declines to consider it at this stage. *See Lemay v. Mays*, 18 F.4th 283, 289 (8th Cir. 2021) (explaining when courts properly consider matters outside the pleadings); *see also Koeller v. Seemplicity Sec. Inc.*, 4:24-cv-00528-SRC, 2024 WL 4751306, at *2 (E.D. Mo. Nov. 12, 2024) (declining to consider similar deposition testimony when analyzing defendant's motion to dismiss). The Court finds that excluding these matters is appropriate at this time, especially given the fact-intensive nature of the residential-*vel-non* question at issue and the limited record before the Court. *See Newell v. JR Cap., LLC*, 791 F. Supp. 3d 571, 574 n.1 (E.D. Pa. 2025) (acknowledging that a factual dispute as to residential phone use "is not amenable to resolution under Rule 12" and is "a fact-specific, case-by-case inquiry"). With these extrinsic matters properly excluded, the Court is left only with the allegations in

Plaintiff's Amended Complaint, which state a plausible claim for relief under the TCPA. *See Seemplicity*, 2024 WL 4751306, at *3 (finding that plaintiff's allegations regarding his residential phone use were "factual" and "in no way conclusory" (citation omitted)).

Second, Defendant argues that Plaintiff has failed to put forth sufficient allegations it "willfully or knowingly violated" the TCPA. Doc. [21] at 7–8. As a result, according to Defendant, treble damages are unavailable in this matter, and the Court should "dismiss" Plaintiff's claim for treble damages pursuant to Rule 12(b)(6). *Id*. This argument is misplaced because treble damages, like punitive damages, "are a form of relief and thus not a claim subject to a Rule 12(b)(6) motion to dismiss." *R. L. Mlazgar Assocs., Inc. v. Focal Point, LLC.*, 0:22-cv-942-NEB-DJF, 2024 WL 4544097, at *8 (D. Minn. June 14, 2024) (citing *Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. LLC.*, 635 F.3d 1106, 1108–09 (8th Cir. 2011)); *accord Thompson v. Harrie*, 404 F. Supp. 3d 1233, 1240 (D.S.D. 2019); *cf. Perez v. Z Frank Oldsmobile, Inc.*, 223 F.3d 617, 624 (7th Cir. 2000) (Easterbrook, J.) (noting that treble damages "are a form of punitive damages"). After all, "[t]he amount of damages to be recovered is based upon the proof, not the pleadings." *Dingxi*, 635 F.3d at 1108–09 (explaining that the "sufficiency of a pleading is tested by the Rule 8(a)(2) statement of the claim for relief" and not the "demand for relief" specified in Rule 8(a)(3)); *cf. Truth Seeker Co. v. Durning*, 147 F.2d 54, 56 (2d Cir. 1945) (Clark, J.) (discussing how a party "is entitled to the relief to which the stated facts entitle it" regardless of what he demands for relief (citing Fed. R. Civ. P. 54(c))). Accordingly, the Court will not foreclose Plaintiff's request for treble damages at this time.

Third, Defendant argues that the Court should dismiss Plaintiff's claim for injunctive relief because Plaintiff's Complaint "omits any allegation supporting a particular and concrete

risk of future injury." Doc. [21] at 8.  This argument fares better.  As the U.S. Supreme Court has explained, "[t]he equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that plaintiff will be wronged again." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).  "[I]t is the plaintiff's burden to establish standing [to pursue injunctive relief] by demonstrating that, if unchecked by the litigation, the defendant's allegedly wrongful behavior will likely occur or continue and that the threatened injury is certainly impending." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 170 (2000).  "[P]ast wrongs do not in themselves amount to that real and immediate threat of injury." *Lyons*, 461 U.S. at 103; *accord Harmon v. City of Kansas City*, 197 F.3d 321, 327 (8th Cir. 1999) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief."). "Courts applying this principle in the context of the TCPA have generally found that allegations of past TCPA violations do not establish standing to pursue injunctive relief." *Taylor v. Kin Ins., Inc.*, 1:25-cv-00213-AMP, 2025 WL 1651524, at *2 (N.D. Ill. June 10, 2025) (collecting cases).

Here, Plaintiff alleges that he was called by Defendant's employee twice in the span of nearly three months.  Doc. [18] ¶ 22.  Additionally, Plaintiff alleges that one additional consumer complained of "cold calling" "in or around July 2024," almost a year before Defendant's employee called Plaintiff. *Id.* ¶ 30.  The trouble for Plaintiff is that these allegations are limited to past instances of unlawful conduct, and on their own, such allegations are insufficient to confer the standing that Plaintiff requires. *Lyons*, 461 U.S. at 103.  Nor does the mere possibility that Defendant could conduct similar calls in the future. *See Miller v. Time Warner Cable Inc.*, 8:16-cv-00329-CAS-ASX, 2016 WL 7471302, at *4 (C.D. Cal. Dec.

27, 2016) (finding the risk of future unsolicited calls "too speculative to establish a real or immediate threat of repeated injury"). Therefore, the Court will grant Defendant's Motion as to Plaintiff's claim for injunctive relief.

Accordingly,

**IT IS HEREBY ORDERED** that, consistent with this Memorandum and Order, Defendant Cyflare Security, Inc.'s Motion to Dismiss, Doc. [20], is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Defendant Cyflare Security, Inc., shall have the prescribed time to file its responsive pleading to Plaintiff's Amended Complaint. *See* Fed. R. Civ. P. 12(a)(4)(A).

Dated this 25th day of November 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE