UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| EDWARD J. KOELLER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CYFLARE SECURITY, INC.,<br><br>Defendant. | **ANSWER TO AMENDED COMPLAINT**<br><br>Civil Action No.<br><br>4:25-cv-00410-MTS |

Defendant CyFlare Security, Inc. ("CyFlare"), by and through its counsel, Bond, Schoeneck & King, PLLC, as and for its answer to the Amended Complaint of Plaintiff Edward J. Koeller ("Koeller"), states as follows:

1. CyFlare avers that Paragraph 1 of the Amended Complaint states a legal conclusion to which no response is required, however, to the extent a response is required, CyFlare states that the statute is the best evidence of its contents and denies the remaining allegations in Paragraph 1 of the Amended Complaint.

2. CyFlare avers that Paragraph 2 of the Amended Complaint states a legal conclusion to which no response is required, however, to the extent a response is required, CyFlare states that the regulations and decision are the best evidence of their contents and denies the remaining allegations in Paragraph 2 of the Amended Complaint.

3. CyFlare denies the allegations in Paragraph 3 of the Amended Complaint.

4. CyFlare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Amended Complaint.

5. CyFlare admits the allegations in Paragraph 5 of the Amended Complaint.

6. CyFlare admits the allegations in Paragraph 6 of the Amended Complaint.

7. CyFlare denies the allegations in Paragraph 7 of the Amended Complaint.

8. CyFlare denies the allegations in Paragraph 8 of the Amended Complaint.

9. CyFlare avers that Paragraph 9 of the Amended Complaint states a legal conclusion to which no response is required, however, to the extent a response is required, CyFlare states that the statute is the best evidence of its contents and denies the remaining allegations in Paragraph 9 of the Amended Complaint.

10. CyFlare avers that Paragraph 10 of the Amended Complaint states a legal conclusion to which no response is required, however, to the extent a response is required, CyFlare states that the regulation is the best evidence of its contents and denies the remaining allegations in Paragraph 10 of the Amended Complaint.

11. CyFlare avers that Paragraph 11 of the Amended Complaint states a legal conclusion to which no response is required, however, to the extent a response is required, CyFlare states that the regulation is the best evidence of its contents and denies the remaining allegations in Paragraph 11 of the Amended Complaint.

12. CyFlare avers that Paragraph 12 of the Amended Complaint states a legal conclusion to which no response is required, however, to the extent a response is required, CyFlare states that the statute and regulations are the best evidence of their contents and denies the remaining allegations in Paragraph 12 of the Amended Complaint.

13. CyFlare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Amended Complaint.

14. CyFlare denies the allegations in Paragraph 14 of the Amended Complaint.

15. CyFlare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint.

16. CyFlare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Complaint.

17. CyFlare denies the allegations in Paragraph 17 of the Amended Complaint.

18. CyFlare denies the allegations in Paragraph 18 of the Amended Complaint.

19. CyFlare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint.

20. CyFlare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint.

21. CyFlare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint.

22. CyFlare denies the allegations in Paragraph 22 of the Amended Complaint.

23. CyFlare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Amended Complaint.

24. CyFlare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Amended Complaint.

25. CyFlare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Amended Complaint.

26. CyFlare denies the allegations in Paragraph 26 of the Amended Complaint.

27. CyFlare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Amended Complaint.

28. CyFlare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Amended Complaint.

29. CyFlare denies the allegations in Paragraph 29 of the Amended Complaint.

30. CyFlare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Amended Complaint.

31. CyFlare repeats and reasserts its responses to Paragraphs 1 through 30 of the Amended Complaint in response to Paragraph 31 of the Amended Complaint.

32. CyFlare denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Amended Complaint.

33. CyFlare denies the allegations in Paragraph 33 of the Amended Complaint.

34. CyFlare denies the allegations in Paragraph 34 of the Amended Complaint.

35. CyFlare denies the allegations in Paragraph 35 of the Amended Complaint.

36. CyFlare denies the allegations in Paragraph 36 of the Amended Complaint.

37. CyFlare denies the allegations in Paragraph 37 of the Amended Complaint.

38. CyFlare denies the allegations in Paragraph 38 of the Amended Complaint.

39. CyFlare repeats and reasserts its responses to Paragraphs 1 through 38 of the Amended Complaint in response to Paragraph 39 of the Amended Complaint.

40. CyFlare avers that Paragraph 40 of the Amended Complaint states a legal conclusion to which no response is required, however, to the extent a response is required, CyFlare states that the regulation is the best evidence of its contents and denies the remaining allegations in Paragraph 40 of the Amended Complaint.

41. CyFlare denies the allegations in Paragraph 41 of the Amended Complaint.

42. CyFlare denies the allegations in Paragraph 42 of the Amended Complaint.

43. The Court dismissed claims for injunctive relief, and CyFlare denies the allegations in Paragraph 43 of the Amended Complaint.

44. CyFlare denies the allegations in Paragraph 44 of the Amended Complaint.

45. CyFlare denies each and every heretofore unanswered allegation in the Amended Complaint.

## AFFIRMATIVE DEFENSES

CyFlare asserts the following affirmative defenses upon information and belief and reserves the right to amend this answer to assert other and further affirmative defenses when and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate. By designating these matters "defenses," CyFlare does not intend to suggest that the Plaintiff does not bear the burden of proof as to such matters or that such matters are not elements of Plaintiff's prima facie case against CyFlare.

## FIRST AFFIRMATIVE DEFENSE

1. The Amended Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. The Amended Complaint is barred by the applicable statute of limitations and/or the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

3. The Plaintiff lacks standing to pursue the claims in the Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE

4. The Plaintiff has failed to meet all conditions precedent to suit.

## FIFTH AFFIRMATIVE DEFENSE

5. The Plaintiff was not called on a residential telephone number.

5

## SIXTH AFFIRMATIVE DEFENSE

6. A party other than CyFlare called the Plaintiff, and CyFlare is not a proper defendant in this matter.

## SEVENTH AFFIRMATIVE DEFENSE

7. To the extent the Plaintiff can establish a violation of the TCPA, his is the only residential number that anyone called to discuss CyFlare such that there is insufficient numerosity to certify a class under Fed. R. Civ. P. 23.

## EIGHTH AFFIRMATIVE DEFENSE

8. The alleged targets of the telemarketing campaign alleged in the Amended Complaint are not of sufficient number to certify a class under Fed. R. Civ. P. 23.

## NINTH AFFIRMATIVE DEFENSE

9. Individual questions of fact and law predominate such that Plaintiff's claims are not typical of the class he seeks to represent and no class can be certified under Fed. R. Civ. P. 23.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are not typical of the class he seeks to represent such that a class can be certified under Fed. R. Civ. P. 23.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff cannot adequately represent a class such that one can be certified under Fed. R. Civ. P. 23.

## TWELFTH AFFIRMATIVE DEFENSE

12. In light of *Loper Bright Enterprises v. Raimondo*, (603 U.S. 369 (2024)) and *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, (606 U.S. 146 (June 20, 2025)) the

22667266.v1

Court is not bound by interpretations of the TCPA adopted by the FCC, which interpretations are central to Plaintiff's case.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. CyFlare did not intentionally or willfully violate the TCPA such that it can be liable for treble damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. CyFlare took steps to ensure compliance with the TCPA including using a vendor that created and implemented written compliance policies, held employee training, maintained internal do-not-call lists, and had a call prevention processes.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

15. Upon information and belief, Plaintiff provided his telephone number to parties in the cybersecurity industry and/or marketing industry for the purpose of receiving communications about cybersecurity products, thus consenting the calls alleged in the Amended Complaint.

### JURY DEMAND

CyFlare hereby requests a trial by jury.

WHEREFORE, the Court should dismiss the Amended Complaint and grant CyFlare such other and further relief as the Court deems just and proper.

Dated:  December 9, 2025

BOND, SCHOENECK & KING, PLLC

By: _____
Curtis A. Johnson
*Attorneys for CyFlare Security, Inc.*
350 Linden Oaks, Third Floor
Rochester, New York 14625-2825
Telephone: (585) 362-4700
cjohnson@bsk.com