**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| EDWARD J. KOELLER, individually and on behalf of all others similarly situated,<br><br>                             Plaintiff,<br>   v.<br><br>CYFLARE SECURITY, INC.<br><br>                             Defendant. | Case No.   4:25-cv-00410-MTS<br><br>**JURY TRIAL DEMANDED** |

**JOINT PROPOSED SCHEDULING PLAN**

Pursuant to the Court's Order Setting Rule 16 Scheduling Conference, Plaintiff Edward J. Koeller ("Plaintiff") and Defendant Cyflare Security, Inc. ("Defendant") (collectively, "the Parties") submit the following Joint Proposed Scheduling Plan.

**1. Nature of the Case**

*Plaintiff's Statement*:  This is a putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges that he received repeated telemarketing calls from Defendant, despite never being a customer of Defendant and never consenting to receive calls from Defendant and despite his number being registered on the National Do Not Call Registry and the Missouri No-Call List.  Plaintiff brings claims on behalf of himself and the proposed nationwide class.

*Defendant's Statement*: Defendant engages in business-to-business sales, and its limited telemarketing efforts are focused on obtaining leads at businesses to solicit business-to-business sales.  Its efforts are not of the type contemplated by the TCPA.  Plaintiff did not place any calls itself.  Plaintiff relied on a third-party to screen calls for purposes compliance

with the TCPA after ensuring itself that an adequate program was in place at that vendor. Defendant alleges he was called twice on a cellular phone he uses for work purposes that does not meet the definition of a residential line.  Plaintiff's claims lack merit because, upon information or belief, he or his employer shared or published Plaintiff's cellular phone number for the purpose of serving as a contact point for companies seeking to solicit business from Plaintiff's employer.  A class will not be certified in this case due to a lack of numerosity, commonality, typicality and adequacy.  Plaintiff cannot represent a nationwide class because Defendant did not call a sufficient number of potential customers on residential lines, and those potential customers were not on any Do Not Call Registry.  Questions as to the residential nature of each of the numbers called will preclude commonality.  Issues unique to Plaintiff, and any other person/company called by Defendant whose number might appear on a Do Not Call Registry, including those parties' use of their phone numbers for business purposes and their consent to receiving business-related solicitations at those numbers, will pervade and preclude class certification on typicality and adequacy grounds.

2. **Settlement Prospects**

The parties have not yet engaged in settlement discussions, as Plaintiff wishes to first obtain discovery to evaluate the size of the proposed class, which is necessary to meaningfully evaluate settlement.  Defendant is interested in discussing settlement after documents are exchanged as part of class-discovery.

3. **Parties Joint Proposed Discovery Plan and Schedule**

(a)     **Track Assignment:** This case is preliminarily assigned to Track 2 (Standard). However, the Parties believe this case is best suited for Track 3 (Complex) due to the class allegations and the anticipated scope of discovery. Consistent with that designation, they expect the case to be

resolved within 24 months of filing, with a projected trial date of **Monday, June 14, 2027**.

Plaintiff proposes that all discovery be completed and dispositive motions filed by **November 9, 2026**. The Plaintiff does not believe that discovery should be bifurcated because the merits of the underlying claim are co-extensive with the class issues. This is especially true when considering the rigorous analysis required by the Court to evaluate class certification.

Defendant proposes that class-discovery be completed, and motions for class certification be filed by **November 9, 2026**, with an additional discovery schedule set in the event that a class is certified and with dispositive motions due some time after a decision is reached on class certification.  As an example, issues surrounding Defendant's efforts to comply with the TCPA, and retain a vendor with a program meant to ensure compliance, should be the subject of discovery only after a decision on class certification is issued.'

(b)    **Joinder/Amendment**: Motions to amend pleadings or join additional parties shall be filed no later than **May 14, 2026**.

(c)    **Discovery Plan**

i.    **Method of Producing Electronic Discovery:** Electronic documents shall be produced in the form of multi-page, color, bates-numbered PDF images together with load files. All Excel (or other electronic spreadsheet) files, PowerPoint (or other electronic slideshow) files, and photographic files, including any such files attached to emails, shall be produced in native format, if available.  The following metadata shall be included in the load files to the extent the metadata is embedded in the individual electronic documents. If there are any issues with the production of these metadata fields, the parties will meet and confer and attempt to resolve them.

- DocID
- BegDocID
- DateSent
- TimeSent

3

- EndDocID
- Document Type
- Attach DocIds
- ParentDocId
- Author
- Filename
- Date Created
- Date Modified
- Subject
- To
- From
- CC
- BCC
- File Source Location/File Path
- Native Link
- Text Path

Non-electronic documents shall be produced as multi-page, color, bates-numbered PDF images together with load files, and only the following metadata fields: DocID, BegDocID, and EndDocID fields.

ii. **Privilege and Protective Order**: The Parties anticipate the need for claims of privilege or a protective order and will submit a proposed order to the Court by **January 28, 2026**.

iii. **Initial Disclosures**: The Parties shall make their initial disclosures as required pursuant to Fed. R. Civ. P. 26(a)(1) by **February 11, 2026.**

iv. **Phased or Limited Discovery**: Plaintiff contends that discovery need not be conducted in phases, or limited to certain issues.

Defendant contends that discovery should be conducted in phases with class-discovery occurring, and class certification ruled upon, before the completion of full discovery. Dates for expert disclosure and discovery deadlines proposed herein should only apply to class discovery. As explained above, the Plaintiff opposes bifurcated discovery.

v. **Expert Disclosures:**

Plaintiff proposed the following deadlines:

- Proponent by **July 9, 2026**;
- Respondent by **August 20, 2026;**

4

- Completion of all expert Depositions by **November 2, 2026.**

Defendant agrees to the deadlines above only to the extent they apply to class-discovery and anticipate a potential second round of discovery after a decision on class certification.

    vi.    **Discovery Limits**: 10 depositions per side pursuant to Rule 30(a)(2)(A); 25 interrogatories per party pursuant to Rule 33(a);

    vii.    No anticipated physical/mental examinations under Rule 35.

    viii.    **Close of All Discovery**: Plaintiff seeks to set **November 2, 2026** for the completion of all discovery. Defendant believes **November 2, 2026** should be set as the deadline for completion of class-discovery.

    ix.    **Any other matters:** None.

(d) **Alternative Dispute Resolution**: The Parties agree that private mediation may be productive and propose a mediation deadline of **July 23, 2026**, with all participants appearing remotely unless otherwise agreed.

(e) **Dispositive/Summary Judgment Motions**: Plaintiff proposes a filing deadline of **January 29, 2027**, consistent with the Track 3 schedule.

Defendant proposes filing of a motion for class certification by **November 9, 2026**, consistent with the Track 3 schedule.

(f) **Expected Trial Readiness**: In accordance with the Track 3 schedule, the parties propose a projected trial date of **Monday, June 14, 2027**, subject to a decision on class-certification and the completion of post-class-certification discovery followed by dispositive motions if discovery is conducted in phases.

(g) **Expected Trial Length:** The parties anticipate a 2–3 day jury trial. If the case is certified as a class action, trial is expected to last approximately 5–6 days. If the jury finds facts establishing

liability, the parties anticipate a 1-day bench trial on knowledge and willfulness.

(h) **Other Matters:**

i. **Class Certification Motion**: Plaintiff anticipates filing a motion for class certification. Plaintiff proposes the following schedule for Plaintiff's motion for class certification which contemplates class expert disqualification motions to run concurrently with briefing.

- Motions for class certification and deadline for filing *Daubert* motions for experts: **December 8, 2026**

Defendant proposes a bifurcated schedule for class certification and the balance of the case. However, if discovery is not bifurcated, Defendant proposes setting an earlier deadline (**November 9, 2026**) for Plaintiff's motion for class certification and motions to disqualify experts, so that decisions on those motions can be reached before summary judgment motions are due.

4. **Disclosure Statement:** Not applicable to Plaintiff. Defendant filed its disclosure statement on May 16, 2025 using the Court's approved form (Dkt. # 15).

5. **Pro se Parties:** Not applicable to either party.

RESPECTFULLY SUBMITTED AND DATED this January 23, 2026.

>*/s/ Anthony I. Paronich*
> Anthony I. Paronich (admitted *pro hac vice*)
> Paronich Law, P.C.
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043
> Tel: (617) 485-0018
> anthony@paronichlaw.com
> *Counsel for Plaintiff and the proposed class*
>
> BOND, SCHOENECK & KING, PLLC

>                         By: _____/s/ Curtis A. Johnson_____
>                         Curtis A. Johnson (admitted pro hac vice)
>                         350 Linden Oaks, Third Floor
>                         Rochester, New York 14625
>                         Tel: (585) 362-4700
>                         cjohnson@bsk.com
>
>                         *Counsel for Defendant CyFlare Security, Inc.*