## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| EDWARD J. KOELLER, *individually and on behalf of others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  Case No. 4:25-cv-00410-MTS |
| CYFLARE SECURITY, INC., | ) ) ) |
| Defendant. | ) |

### CASE MANAGEMENT ORDER – TRACK 3: COMPLEX

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan, the Differentiated Case Management Program of the United States District Court for the Eastern District of Missouri, and the Joint Proposed Scheduling Order, Doc. [37],

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case and will be modified only upon motion and a showing of **good cause**:

I.   **Scheduling Plan**

1. This case is assigned to Track 3 (Complex).

2. All motions for joinder of additional parties or to file amended pleadings must be filed no later than **May 14, 2026**.

3. Discovery shall proceed in the following manner:

    (a) The parties shall make all initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) no later than **March 13, 2026**.

    (b) The parties shall designate all expert witnesses relating to class certification and provide the reports required by Federal Rule of Civil Procedure 26(a)(2) no later than **July 09, 2026**. Rebuttal expert reports shall be exchanged no later than **August 20, 2026**. The parties shall make their expert witnesses available for deposition, and have the depositions completed, no later than **November 02, 2026**.

 (c) Absent good cause shown, a party may serve on any other party no more than twenty-five (25) written interrogatories. Fed. R. Civ. P. 33(a)(1). Absent good cause shown, the parties are limited to ten (10) depositions per side. *See* Fed. R. Civ. P. 30(a)(2)(A).

 (d) The parties do not anticipate any requests for physical or mental examinations pursuant to Federal Rule of Civil Procedure 35.

 (e) The parties shall complete all class discovery no later than **November 02, 2026**.

 (f) If any class-discovery dispute arises, the parties shall raise the dispute in a diligent and timely manner. Absent a showing of excusable neglect, no discovery dispute may be raised with the Court after **November 09, 2026**.

  (i). Before raising any discovery dispute with the Court, counsel must confer in person or by telephone with opposing counsel in good faith or make reasonable efforts to do so.

  (ii). If after sincere efforts to resolve their dispute, counsel are unable to reach an accord, the moving party must request an informal conference with the Court before moving for any Order relating to discovery.* *See* Fed. R. Civ. P. 16(b)(3)(B)(v). Such request must convey the general issue in three or fewer sentences and include opposing counsel on the email communication. Opposing counsel may reply-all to the email with his or her position on the matter in three or fewer sentences.

4. This case will be referred to alternative dispute resolution on **March 23, 2026**. That referral shall terminate on **May 29, 2026**. The parties must comply with all Local Rules governing ADR. *See* E.D. Mo. L.R. 6.01–6.05.

---

* Parties may email: MOEDml_Schelp_Law_Clerks@moed.uscourts.gov.

5. Plaintiff shall file his Motion for Class Certification no later than **November 09, 2026**.

    (a) Local Rule 4.01 governs response times for all motions unless otherwise provided by Order of the Court.

    (b) Any memoranda in support or opposition to any motion filed under this paragraph must contain a table of contents and a table of authorities.

6. No later than **fourteen (14) days** after the Court's ruling on Plaintiff's Motion for Class Certification, the parties shall submit an Amended Joint Scheduling Plan with (1) proposed deadlines for any additional merits discovery, (2) proposed deadlines for dispositive motions, and (3) a date for trial. This deadline shall remain effective irrespective of any party's Rule 23(f) petition.

* * *

The failure to comply with any part of this Order may result in the imposition of sanctions. *See* Fed. R. Civ. P. 16(f).

Dated this 13th day of March 2026.

                                           MATTHEW T. SCHELP
                                           UNITED STATES DISTRICT JUDGE